Raymond J. Steele
State Bar Number 007293
**Law Office of Raymond J. Steele**
501 West Ray Road, Suite 8
Chandler, AZ 85225
Telephone: (480) 899-8615
Facsimile: (480) 899-0629
Email: Raymondjsteele@qwestoffice.net
Attorney for Debtor(s)

# United States Bankruptcy Court for the District of Arizona

*In re:*

      Robert E. McGill, Jr.,

*and*

      Stephanie Anne McGill,

              *Debtors.*

Case No. 2-09-bk-20015-JMM

Chapter 13

**Chapter 13 Plan and Application for Payment of Administrative Expenses**

## DEBTORS' PLAN

1.     **Income Available for Plan Distribution.** The Debtors will turnover to the supervision and control of the Trustee the following amounts of future income which are necessary for the execution of this plan.

    a.     **Plan Payments.** The Debtors will pay to the Trustee $1,275.00 per month, beginning September 23, 2009. Future plan payments will be due on or before the 23rd day of each month. The Debtors are instructed to remit all plan payments on or before the monthly due date. When plan payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the plan term. Any funding shortfall must be cured before a discharge is entered. This requirement applies regardless of plan payment suspensions, waiver and moratoriums.

    b.     **Additional Property or Income.** Should the Debtors turn over other property or income to the Trustee, it shall be treated as advance plan payments, except for nonexempt property or property recovered by the Trustee, or unless the Court orders otherwise.

    c.     **Plan Duration.** Plan payments shall continue for 60 months but, if all allowed

1

claims are paid, the plan shall terminate. Should other property or income, except for property recovered by the Trustee or which is nonexempt, be submitted for distribution under paragraph 1.b. above, the plan duration will be reduced accordingly. Except the duration will not decrease to less than 36 months unless all allowed claims are paid, at which time the plan will end.

d. **Tax Returns and Domestic Support Orders.** The Debtors are required to provide, directly to the Trustee within thirty (30) days after the returns are filed, a copy of the federal and state income tax returns for the first and second years of the plan. (Tax years 2009 and 2010.) The Debtors certify that they are current on all required tax return filings and any Domestic Support Orders that may apply. The Debtors agree to keep current the filing of all required post petition tax returns as well as making all payments due on such returns.

2. **Classification of Claims**

a. **Standing Trustee Percentage Fee.** The Trustee shall receive such percentage fee of the plan payments as may periodically be fixed by the Attorney General Pursuant to 28 U.S.C. Section 586(e), but not to exceed 10%.

b. **Debtors' Attorney's Fees and Application for Payment of Administrative Expenses.** The Trustee, from available funds, will pay $2,800.00 to the Law Office of Raymond J. Steele prior to payment on any other claim. The applicant as Attorney for the Debtors will perform those services necessary for the confirmation of Debtors' plan. The administrative claim is made for services which include, interviews with the Debtors, the preparation of the Debtors' Petition, Chapter 13 Statement, Plan, Plan Analysis, Master Mailing List, appearance at the 341 meeting, negotiation with the Trustee and the Creditors, all required mailings, appearance at the Confirmation Hearing, if required, and preparation of the Order Confirming. The administrative claim is based on a flat fee except for any additional costs and fees that may be due for Contested Matters, Adversary Proceedings, Modified or Amended Plans. Should this case be dismissed prior to being confirmed or converted to a Chapter 7, the Trustee will pay this administrative claim from plan payments on hand before any other distribution except for any fees and costs the Trustee may have incurred.

| Debtors' Attorney | Fee Requested |
|---|---|
| Raymond Steele | 2,800.00 |

3.      **Mortgage Arrears.**

a.      The following creditor will retain its lien which secures its interest in the real property located at 19024 East Arrowhead Trail, Queen Creek, AZ 85242.

b.      Pursuant to A.R.S. 33-1101 the Debtors will claim a homestead exemption in the above described real property and will be allowed to sell, mortgage, transfer, or use the property for any lawful purpose without the need for any further court order.  However, the Debtors must seek and obtain the permission of the Trustee prior to any sale, mortgage, or transfer of the real property.  The Debtors must also take into consideration any security interest that encumbers the real property.

c.      The current regular monthly payments will be paid by the Debtors and will start on the first due date after the date of the filing of the petition and will be paid directly to the creditor and will not be paid under the plan.

d.      As specified below, the Debtors will cure the arrearage that exists on the date of the filing of the petition.  The term arrearage for all purposes under this plan will include missed payments, late fees, attorney fees, and other allowed costs as stated in the lien holders proof of claim, unless the Debtors object to the amount, in which case the arrearage will be an amount agreed to by the parties or ultimately decided by the court.  No prepetition payment will be deemed late and the agreement which is the basis for a claim will not be deemed to be in default as a result of any mortgage arrears cured under this plan.  Should any trustee sale or foreclosure be pending, it will not be continued after the confirmation of the plan.  The arrearage will be paid in full, without interest, prior to the payment of any claims that follow, except for any allowed adequate protection payments.

| Creditor | Collateral | % Rate | Arrears | Value |
|---|---|---|---|---|
| Bank of American | Home | 0% | 3,584.85 | 320,000.00 |
| Cortina HOA | Home | 0% | 575.00 | 320,000.00 |

4.      **Secured Claims.** The following creditors will retain their respective liens which secure their claims.  The creditors will be paid the net amount due them as of the filing of the Debtors' petition

3

or the value of the collateral to which the creditor's lien attaches, whichever is less. Interest will be paid at the contract rate or the amount stated below, whichever is less. Upon payment of the secured portion of the claim, the creditor will release its security interest. Any portion not paid, will be classified and paid as an unsecured claim with any portion not paid being discharged. Any creditor or claim not specifically listed in this paragraph will be designated as an unsecured claim. Should any creditor not listed in this paragraph claim to be secured, the creditor must file a timely objection to this plan. Should no objection be filed, then those claims will be treated as nonpriority unsecured claims. Should any secured creditor receive adequate protection payment prior to or after confirmation, the creditors secured claim will be reduced accordingly. Claims classified as secured will be paid in full prior to payment on any claims that follow.

| Creditor | Collateral | % Rate | Value |
|---|---|---|---|
| Chase Auto | 2008 Ford truck | 6% | 26,479.07 |
| Ford Motor | 2006 Ford Expedition | 6% | 16,200.00 |
| Pinnacle Payday | 1993 Holiday Rambler RV | 6% | 8,000.00 |
| Ultimate Electronics | Electronics | 6% | 150.00 |
| Ultimate Electronics | Electronics | 6% | 500.00 |

5.     **Adequate Protection.** Chase Auto Finance has a perfected security interest in a 2008 Ford truck. The Chapter 13 Trustee will make monthly disbursements in the amount of $264.79 which is equal to 1% of the secured claim. Ford Motor Credit has a perfected security interest in a 2006 Ford Expedition. The Chapter 13 Trustee will make monthly disbursements in the amount of $162.00 which is equal to 1% of the secured claim. Pinnacle Payday & Title Loans has a perfected security interest in a 1993 Holiday Rambler RV. The Chapter 13 Trustee will make monthly disbursements in the amount of $80.00 which is equal to 1% of the secured claim. Ultimate Electronics has a perfected security interest in electronics. The Chapter 13 Trustee will make monthly disbursements in the amount of $1.50 which is equal to 1% of the secured claim. Ultimate Electronics has a perfected security interest in electronics. The Chapter 13 Trustee will make monthly disbursements in the amount of $5.00 which is equal to 1% of the secured claim. These monthly disbursements will continue until such time as

4

Chase Auto Finance, Ford Motor Credit, Pinnacle Payday & Title Loans, and Ultimate Electronics begin to receive regular monthly payments under the terms of this plan.

6. **Claims Secured by Property Being Surrendered.** Aurora Loan, account #0032849036, will retain their security interest in the real property located at 2310 E. Coconino Dr., Chandler, AZ 85249. Chase Home Finance, account #00412550058227, will retain their security interest in the real property located at 2310 E. Coconino Dr., Chandler, AZ 85249. Fonte Al Sole HOA, account #FA0000006601, will retain their security interest in the real property located at 2310 E. Coconino Dr, Chandler, AZ 85249. All stays with respect to this property will be lifted and the property will be abandoned from the Debtors' bankruptcy estate. The creditors may take any required action to foreclose their interest with respect to the property being surrendered. Should any unpaid balance exist it will be classified and paid as an unsecured claim with any balance remaining to be discharged.

7. **Tax Claims.** All tax claims not specifically allowed will be classified and paid as unsecured claims and any portion not paid will be discharged. Should any tax authority disagree with its treatment in this plan, the tax authority must file a timely objection. Should no objection be filed, this will indicate that the tax authority consents to its treatment under this plan. Any taxes not paid by the plan or a claim that is not allowed shall be discharged except as provided by 11 U.S.C. § 1328(a).

8. **Unsecured Creditors.** All claims not specifically provided for above, whether listed in the Debtors' schedules or omitted therefrom, shall be classified as unsecured. Unsecured claims shall be paid the balance of payments under the plan, pro rata, without interest. Any amounts not paid shall be discharged. A creditor filing a secured Proof of Claim but not paid as secured by this plan shall be classified and paid as an unsecured claim in accordance with this plan.

9. **Objections.** Creditors will be provided for as stated in this plan regardless of the secured amount stated in their Proof of Claim. Creditors not agreeing with their treatment under the terms of this plan will serve a copy of said claim, proof of security, and an objection to the plan upon Debtors' counsel so that a valuation hearing may be scheduled. If a secured creditor does not file a timely objection to the confirmation of this plan, than it is deemed to have accepted treatment of its claim under the plan and the amount paid on the secured claim 11 U.S.C. Section 1325(a)(5)(A). If a creditor files a Proof of Claim showing a secured balance lower than provided for in the plan or showing

5

no secured balance, the claim may be treated as an agreement to accept a lesser amount and the secured balance in the plan will be reduced to the secured balance stated in the Proof of Claim. Confirmation of the plan binds all claimants to treatment of the claims as provided for in this plan. The binding effect is regardless of the secured amount stated in any Proof of Claim which may be filed.

10. **Trustee Payment Disbursal Authority.** The Trustee, from the Debtors' future earnings or other available funds, will make payments in the amounts and order as provided for in the Debtors' plan. All dates for beginning of payments and exact payment amounts to the above scheduled creditors are estimates and may be adjusted by the Trustee as necessary to carry out the terms of this plan. The Trustee may make payments earlier than scheduled should funds be available. Interest rates contained in the plan will control and will not be increased or reduced without further court order. The Trustee has the authority to pay the secured claims contained in the plan even though no secured Proofs of Claim have been filed. The plan and this order shall not constitute an informal Proof of Claim for and Creditor.

11. **Secured Claims in Absence of Proof of Claim.** If a Creditor fails to file a secured claim before confirmation or files a wholly unsecured claim, the Debtors may delete the proposed payment of a secured claim in a proposed order confirming the plan with no additional notice. If a Creditor files a secured claim in an amount less than that proposed in the plan, then the secured claim amount will be the amount paid.

12. **Miscellaneous Provisions.** Confirmation of the plan will vest property of the estate in the Debtors. The Debtors may sell, use, or encumber the property in any manner without any further court order. The plan will become effective the date the plan is confirmed.

| September 23, 2009 | Law Office of Raymond J. Steele |
| Date | |

| | /s/ RJS007293 |
| | Raymond J. Steele |
| | Attorney for Debtors |

6

The Debtors approve this plan and declare that all Federal and state tax returns that are required to be filed [✓] have been filed [ ] will be filed within 30 days of the date of the filing of my bankruptcy petition.

/s/Robert E. McGill, Jr.
Robert E. McGill, Jr.
Debtor


/s/Stephenie Anne McGill
Stephanie Anne McGill
Debtor

# Plan Analysis

Debtor:                      Robert & Stephanie McGill
Case No.                     2-09-bk-20015-JMM
Prior Chapter 7:             No
Prior Chapter 13:            No
Estimated Length of Plan:    60 Months

Trustee Use
Sec. 341 Meeting Date:       _____
Continued:                   _____
Confirmed Date:              _____


## TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

| | | |
|---|---|--:|
| A. | TOTAL PRIORITY CLAIMS | |
| | 1. Unpaid attorney's fees | 2,800.00 |
| | 2. Taxes | 00.00 |
| | 3. Other | 00.00 |
| B. | TOTAL OF PAYMENTS TO CURE DEFAULT | 4,170.24 |
| C. | TOTAL OF PAYMENTS ON SECURED CLAIMS | 60,293.60 |
| D. | TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS | 1,586.16 |
| E. | SUB-TOTAL | 68,850.00 |
| F. | TOTAL TRUSTEE'S COMPENSATION (10.00% of debtor's payments) | 7,650.00 |
| G. | TOTAL DEBT AND ADMINISTRATIVE EXPENSES | 76,500.00 |


## RECONCILIATION WITH CHAPTER 7

| | | |
|---|---|--:|
| H. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | |
| | 1. Value of debtor's interest in nonexempt property | 630.00 |
| | 2. Plus: value of property recoverable under avoiding powers | 00.00 |
| | 3. Less: estimated Chapter 7 administrative expenses | 195.00 |
| | 4. Less: amounts payable to priority creditors other than costs of administration | 00.00 |
| | 5. Equals: estimated amount payable to general unsecured creditors if Chapter 7 filed (if negative, enter zero) | 435.00 |
| I. | ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | 435.00 |
| J. | ESTIMATED DIVIDEND UNDER PLAN | 1,586.16 |


IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.